# United States District Court
# District of New Mexico

## Document Verification

**Case Title:** Bodenheimer v. USA
**Case Number:** 04cv00196 CR 03-596 MCA
**Office:**

### Document Information

**Number:** 9

**Description:** PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending petitioner's noncognizable claims be dismissed without prejudice; petitioner's motion for decision be denied [8-1]; attorney from CJA panel appointed, as further described herein (cc: all counsel*)

**Size:** 9 pages (27k)

**Date Received:** 04/16/2004 02:47:44 PM   **Date Filed:** 04/16/2004   **Date Entered On Docket:** 04/16/2004

### Court Digital Signature                                View History

17 09 c9 e2 fe 4f 22 b5 58 d7 f4 0c 07 44 16 df d8 bd 10 d7 64 5d 7c 88 af 70 02 35 ca 9d 9a ca 9d 28
4a 7c ca a7 4d ff 21 2f 20 93 de 3a 19 e8 3d e2 0a 9c 4b 77 73 b3 92 f3 31 38 a9 71 0c eb eb e2 07 0f
e9 c3 b5 3a 66 1d 4d 41 07 de 89 1e 75 cd aa 19 c8 24 d3 7b 5a 67 fe 69 c5 4e b8 09 3a de 54 0c b9 5b
3c bc d4 22 e4 60 c9 b3 1b 97 b1 9f eb 1a e2 40 36 9c f1 cc ac 64 67 00 73 d9

### Filer Information

**Submitted By:** Karen B. Molzen

**Comments:** RECOMMENDED FINDING by Magistrate Judge Karen B. Molzen that Petitioner's noncognizable claims be dismissed without prejudice; Petitioner's motion for "decision" (Doc. 8) be denied; an attorney from the CJA panel be appointed to further represent Petitioner in this matter; and upon entry of appearance, counsel for Petitioner and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, April 16, 2004*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                          CIV 04-196 MCA/KBM
                                                           CR 03-596 MCA

JOHN BODENHEIMER,

    Defendant-Movant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on the motion filed by John Bodenheimer's ("Petitioner") requesting habeas relief under 28 U.S.C. § 2255, where he claims that his plea was not voluntary and that his attorney was ineffective. *See Doc. 1*. He also filed a motion asking that this Court enter a decision in his favor on the ground that Respondent did not serve him with a copy of its Answer. This motion also alleges additional facts in support of this claim. *See Doc. 8*.

Having considered all of the pleadings and relevant law, I recommend that Petitioner's "conditions of confinement" claims be dismissed without prejudice, and that an evidentiary hearing be held limited to the issue of whether Petitioner expressly instructed (or its equivalent) his attorney to file an appeal following their consultation. Having recommended an evidentiary hearing be held, I also recommend that counsel be appointed for Petitioner. *See* Rule 8(c), *Rules Governing Habeas Corpus Under Section 2255*.

## **I. Factual Background**

Defendant was charged by information with possession and storage of Internet pictures of

minors engaged in sexually-explicit conduct, and with forfeiture of his computer and computer-related items. *See United States v. Bodenheimer*, CR 03-596 MCA *(Doc. 1)*. He waived indictment and entered a written plea agreement. *Id. (Docs. 4, 5)*.

Among other things, the plea agreement provides that Defendant understood the maximum sentence he faced was five years incarceration, that the applicable guideline range could not be ascertained until after the presentence investigation was completed, and that determination of the guideline range and sentence was solely in the discretion of the Court. *Id. (Doc. 5 at ¶¶ 4, 5)*. It further provides that Defendant was "pleading guilty because I am, in fact guilty of the offense charged against me in the information. I recognize and accept responsibility for my criminal conduct." *Id.*, ¶ 7.a. He admitted specified "facts and other relevant conduct related to the charge . . . and declare[d] under penalty of perjury that all of these facts are true and correct." *Id.* He further "agree[d] and represent[ed] that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose." *Id.*, ¶ 13.

In return, the United States stipulated that Defendant was entitled to a three-level reduction from the base offense level for acceptance of responsibility and that the Defendant should be sentenced at the lowest end of the applicable guideline range. *Id.*, ¶¶ 8.a. & b. The government further agreed it would not bring additional criminal charges arising out of the charged conduct. *Id.* at ¶ 11.

As the United States notes in its Answer, District Judge Armijo "went through an exacting plea colloquy in accord with Federal Rule of Criminal Procedure 11." *Doc. 7 at 4*. Indeed, the

2

United States' description of that exchange is accurate and confirms that Petitioner heard and understood the proceedings, was competent, and knowingly and voluntarily waived his rights and entered the plea. *See id.*, Exh. 2. Judge Armijo then followed with an equally thorough sentencing hearing, where she entertained Defendant's motion for a downward departure. *See id.*, Exh. 3. Recognizing her authority to depart and the relevant authorities under which she was being asked to depart, she entertained lengthy argument, denied the motion, and sentenced Petitioner to the low end of the applicable guideline range. *E.g., id.*, at 19, 29-35, 37-38.

## II. Noncognizable Claims

The United States correctly observes that this court lacks jurisdiction to entertain complaints about his conditions of confinement in a § 2255 habeas corpus proceeding. Depending on the nature of the confinement claims, they must be pursued under other statutes after exhaustion of administrative remedies with the Bureau of Prisons. Furthermore, because Petitioner is confined in Colorado, his "conditions" claims must be brought there.[1]

## III. Petitioner's "Request For Decision"

Respondent certified that it forwarded a copy of its Answer to the address that Petitioner had provided to the court. Petitioner has not notified the court that this address has changed. *See*

---

[1] *See* Doc. 7 at 17-18; *see also e.g., Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1206-10 (10th Cir. 2003) (federal prisoners required to exhaust under 42 U.S.C. § 1997e(a), and discussion of procedural issues relating to exhaustion); *Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir. 2001) (and discussion and authorities cited throughout entire opinion therein concerning which type of claim is pursued in a *Bivens* or § 1983 action, and which are pursued under § 2241), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001) (prior opinion "moot" due to transfer of prisoner during pendency of appeal, but prior opinion not "depublished"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (28 U.S.C. § 2241 challenges to execution of sentence must be filed in the district where prisoner is incarcerated); 28 U.S.C. § 1391(b) ("a civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in [examples of where action can be brought]").

3

*Doc. 7* at 18; *see also Caption* (which provides Petitioner's address). In light of this certificate, and the analysis of the remaining issues below, I will recommend denial of Petitioner's "request for decision." *See Doc. 8.*

## IV. Analysis Of Remaining Issues

The record establishes that Petitioner has a history of low cognitive skills, lack of impulse control, antisocial tendencies, and a hearing problem. On the other hand, for decades after being released from prison he married, raised a child, and created and ran his own animal rescue service. *See e.g., Doc. 7,* Exh. 3 at 14-20, 25-34. Further, it is evident from the record that at the time of his plea and sentencing, Petitioner heard the proceedings and fully understood what was transpiring.

For example, his attorney apprized the court of his hearing problem and Petitioner was asked to let the court know if he could not hear. He did not. Moreover, during the course of the plea hearing, Judge Armijo did not simply ask questions that sought "yes" or "no" responses. Instead, she engaged Petitioner in a number of open-ended questions to which he coherently responded. Petitioner also asked questions of the court. It is apparent from Bodenheimer's responses that he heard and understood what was being asked and the significance of the questions. *E.g. id.,* Exh. at 2-8, 13-20, 25-29, 31-32, 35, 40-42, 46, 49-50; *see also id.,* Exh. 3 at 3-4 (Petitioner's statement during sentencing hearing). Therefore, Petitioner's claims that his plea was involuntary and that counsel was ineffective for failing to secure "hearing impaired devices" are utterly baseless.

Nonetheless, two sets of intertwined legal doctrines are implicated by Petitioner's final claim that counsel was ineffective for failing to file an appeal – procedural default and the

4

Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Application of those doctrines here require an evidentiary hearing before proceeding to a final disposition of the matter.

### A. Procedural Default

If a defendant fails to file a direct appeal, he cannot challenge the voluntariness of a guilty plea unless he shows a "fundamental miscarriage of justice" or "cause and prejudice." *See e.g.*, *Bousley v. United States*, 523 U.S. 614, 622 (1998). The first exception is unavailable here because there is no contention that Defendant is "actually" or, in other words, factually innocent. *See id.* at 623; *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). To the contrary, as he had in the plea agreement and during the plea colloquy, at sentencing Bodenheimer again reiterated that he in fact was guilty saying: "I did what I stand accused for, and I regret it every minute. I broke the law, and for this I'm truly sorry. *Doc. 7*, Exh. 3 at 4.

Under the "cause and prejudice" exception, Defendant must first show "cause" or "some objective factor external to the defense and not attributable to a defendant." *Salazar*, 323 F.3d at 855. "Of course, cause may be shown by ineffective assistance of trial or appellate counsel." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 491-92 (1986)); *see also Massaro v. United States*, ___ U.S. ___, 123 S. Ct. 1690, 1694 (2003) ("an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"). And, of course, that is precisely what Defendant claims here.

### B. Ineffective Assistance of Counsel Claim

Like the "cause and prejudice" exception, ineffectiveness claims themselves are generally evaluated under a two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).

5

However, because the claim is ineffectiveness for failing to file an appeal, the Supreme Court's decision in *Flores-Ortega* governs the analysis.

In his § 2255 petition, which was signed under penalty of perjury but not notarized, Petitioner asserts that, when he

> was sentenced, [he] asked counsel to appeal and counsel did not appeal, nor did he release a copy of all court documents to [Petitioner] so he could appeal on his own. [Petitioner] has written counsel several times asking that a full copy of all court documents be mailed to him with no results and no replys (sic). . . . Due to his lack of response [Petitioner] is still not able to receive all court documents, evidence, and everything that can help him appeal his case, thus denying his right to appeal and by not appealing himself as requested also is denying my right to appeal.

*Doc. 1* at 5-6, 5C.

Counsel's affidavit contains a different version of the conversation with his client. That is, while Defendant did initially request that his attorney file an appeal, counsel advised against it and thereafter Defendant neither resurrected his request nor requested documents:

> 12. It is accurate that after the Court denied his motion for a downward sentencing departure, Defendant Bodenehimer (sic) requested me to file an appeal on his behalf. At that point, however, I had a long conversation with Defendant Bodenheimer in which I explained to him that I did not believe that he had any viable issues to pursue on appeal. Defendant Bodenheimer had pled guilty pursuant to a plea agreement in the fact of a strong evidentiary case against him. Moreover, Judge Armijo had made clear on the record at Defendant Bodenheimer's sentencing hearing that she understood that she had the discretion to depart from the Sentencing Guidelines, but she chose to exercise that discretion not to depart. I explained to Defendant Bodenheimer that such an exercise of discretion could no be reviewed by the Court of Appeals. *See e.g., United States v. Jeppeson*, 333 F.3d 1180, 1184 (10th Cir. 2003) ("It is well-settled in this circuit that a court of appeals lacks jurisdiction to review a district court's discretionary refusal to depart from the Sentencing Guidelines.").

6

> 13. Following my conversation with Defendant Bodenheimer about the lack of merit to any issue that he might have wanted to pursue on appeal, he did not persist in requesting that I file an appeal on his behalf. Nor did he request that I provide him copies of documentation so that he could pursue an appeal on his own. I have long understood my professional obligations as a defense attorney as outlined in *Anders v. California,* (sic) 386 U.S. 738, 744 (1967). In *Anders,* the Supreme Court set forth the procedure to be followed by counsel when faced with a defendant insistent upon filing an appeal that counsel believes to be frivolous. I would have filed such a brief in this case had Defendant Bodenheimer requested me to do so after my conversation with him about an appeal.

*Doc. 7,* Exh. A.

As the United States acknowledges, under the Supreme Court's decision in *Flores-Ortega,* "if [Petitioner's] claim that he instructed his attorney to file an appeal that was not filed is true, the [he] would have a viable claim under Section 2255, regardless of the lack of merit of any of the issues he might have raised on appeal." *Doc. 7* at 15. As the Supreme Court there stated,

> Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. . . . [D]enial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice.

528 U.S. at 483.

Hence, even if Defendant's downward departure claim fails to present an issue over which the Tenth Circuit would assert jurisdiction, and even if the voluntariness and other ineffectiveness claims he raises here are without merit, the lack of merit of the appealable issue is immaterial if counsel had "disregard[ed] specific instructions to perfect a criminal appeal." *See id.; United States v. Snitz,* 342 F.3d 1154, 1156 (10th Cir. 2003). This is so because of appellate counsel's

7

"essential role in bringing professional expertise to bear in identifying issues." *Id.* at 1158. Thus, Flores-Ortega instructs that if "counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." 528 U.S. at 478.

The Tenth Circuit's *Snitz* decision does not speak to the propriety of holding an evidentiary hearing to resolve the issue of whether the request was made. There, the district court, apparently without holding a hearing, "acknowledged defendant's 'credible testimony that immediately following his sentencing, he told his attorneys he wanted to appeal his sentence.'" *Id.* at 1156. Here Defendant's assertion is also colorable on its face although it is controverted by counsel's equally credible affidavit testimony. Therefore, I believe an evidentiary hearing following appointment of counsel is warranted under these circumstances. *See De la Rosa v. United States,* CIV 03-599 MCA/KBM (*Doc. 12*).

If Petitioner prevails on the ineffectiveness for failure to appeal claim, the remedy to which he is entitled is for the Court to vacate the judgment and sentence, immediately reenter it, and allow Petitioner to take a direct appeal. *See id.* at 1159. On the other hand, "[i]f the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Flores-Ortega,* 528 U.S. at 484.

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1. Petitioner's noncognizable claims be dismissed without prejudice;

2. Petitioner's motion for "decision" *(Doc. 8)* be denied;

3. As the Federal Public Defender will have a conflict in representing Petitioner, an attorney from the CJA panel be appointed to further represent Petitioner in this matter; and

4. Upon entry of appearance, counsel for Petitioner and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A **party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE